### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:13-cv-01322

Allyson Soldani,

    Plaintiff/Movant,

Williams & Fudge, Inc.,

    Defendant.

### MEMORANDUM IN SUPPORT OF
### WILLIAMS & FUDGE, INC.'S MOTION FOR SUMMARY JUDGMENT

Defendant, Williams & Fudge, Inc. ("WFI") respectfully submits this memorandum in support of its Motion for Summary Judgment. WFI asserts that the indisputable evidence, viewed in the light most favorable to Ms. Allyson Soldani ("Plaintiff" or "Ms. Soldani"), shows the allegations in Ms. Soldani's complaint (the "Complaint") are without merit. WFI asserts it has not violated the law and is not liable for any damages associated with Ms. Soldani's claims. As fully set forth below, there are no genuine issues as to any material fact. Pursuant to Rule 56 Fed. R. Civ. P., WFI is entitled to judgment in its favor on all of Ms. Soldani's claims.

### NATURE OF THE CASE

This case arises from Ms. Soldani's failure to pay a financial obligation. When Ms. Soldani's debt remained unpaid, the creditor placed the outstanding account with WFI to be collected.

Ms. Soldani seeks to recover actual and statutory damages arising from WFI's collection attempts and alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), plus court costs and attorneys' fees.

Contrary to the allegations in the Complaint, the undisputed record shows WFI at all times acted in a reasonable manner, in good faith and within the bounds of the law during the course of attempts to recover Ms. Soldani's debt.

Ms. Soldani filed her summons and complaint in the United States District Court for the District of Colorado on May 21, 2013. After the Court granted WFI an extension, WFI filed a timely answer on August 2, 2013. The parties have engaged in written discovery. WFI's Motion for Summary Judgment is ripe for consideration.

Ms. Soldani alleges six claims for relief pursuant to the FDCPA:

(1) WFI violated 15 U.S.C. § 1692g(a) by allegedly failing to issue Ms. Soldani the validation notice within five days of initial contact with her as the FDCPA requires;

(2) WFI violated 15 U.S.C. § 1692e(11) by allegedly failing to inform Ms. Soldani the communication was from a debt collector and an attempt to collect a debt (the "mini-Miranda" disclosure);

(3) WFI violated 15 U.S.C. § 1692f by allegedly using unfair and unconscionable means to collect a debt;

(4) WFI violated 15 U.S.C. § 1692e(5) by allegedly threatening to take legal action;

(5) WFI violated 15 U.S.C. § 1692d(2) by using abusive language when speaking with Ms. Soldani; and

(6) WFI violated 15 U.S.C. § 1692d(5) by causing a phone to ring repeatedly and engaging Plaintiff in telephone conversations with the intent to annoy and harass.

## SUMMARY OF THE ARGUMENT

Defendant WFI is entitled to summary judgment in its favor for two reasons: (1) the undisputed evidence shows Ms. Soldani's factual allegations that form the basis of her FDCPA claims against WFI are without merit; and (2) the 1692d(5) claim fails because WFI did not engage in a call pattern or volume of calls constituting harassment nor did WFI exhibit the requisite intent to harass Ms. Soldani.

## STATEMENT OF THE FACTS

The material facts in this case are not in dispute and are presented here in the light most favorable to Ms. Soldani. The supporting Affidavit of Robert A. Duenkel is attached as <u>Exhibit A</u> and incorporated herein by reference ("Duenkel Affidavit").

Ms. Soldani incurred a financial obligation with the original creditor, U.S. Career Institute (the "Debt"). U.S. Career Institute is a for-profit, distance-learning educational institution based in Fort Collins, Colorado. (DE No. 1, ¶ 6.) Ms. Soldani's Debt persisted as an unpaid, outstanding account owed to U.S. Career Institute in the amount of $242.60. (Duenkel Aff. 2)

On February 6, 2013, U.S. Career Institute placed Ms. Soldani's Debt with WFI to be collected. (Duenkel Aff. 2) WFI employed standard policies and procedures designed to comply with governing law and regulatory authority throughout the course of collecting Ms. Soldani's Debt. (Duenkel Aff. 3) On February 7, 2013, WFI sent Ms. Soldani the validation notice required by section 1692g (the "1692g Notice"). (Duenkel Aff. 4) A true and accurate copy of WFI's Colorado 1692g Notice is attached as <u>Attachment 1</u> to the Duenkel Affidavit. (Duenkel Aff. 5) The attached 1692g Notice is the same letter WFI had in production for Colorado residents on February 7, 2013. (Duenkel Aff. 5) WFI mailed the 1692g Notice to the only

3

address of record provided by U.S. Career Institute, 1166 Yellow Dogwood Heights, Monument, Colorado 80132 (the "Monument, CO Address"). (Duenkel Aff. 4)  The U.S. Postal Service never returned the 1692g Notice to WFI as undeliverable to the Monument, CO Address. (Duenkel Aff. 7)  A true and accurate transcription of all recorded calls to Ms. Soldani is attached as Attachment 2 to the Duenkel Affidavit. (Duenkel Aff. 6)  During subsequent conversations with Ms. Soldani, she confirmed with WFI that the Monument, CO Address is her current address. (Duenkel Aff., Attach. 2, Call 1, p. 1, ¶ 7; Call 2, p. 1, ¶ 7; Call 3, p. 1, ¶ 8.)

Throughout the course of collection efforts, WFI attempted to contact Ms. Soldani at telephone number ###-###-7429 a total of seventeen (17) times between February 12, 2013 and May 23, 2013. (Duenkel Aff. 12)  This call volume equals 17 attempts within a span of 100 days (three-and-a-half months).  (Duenkel Aff. 12)  WFI only called ###-###-7429 between the hours of 8:00 a.m. and 9:00 p.m. in Ms. Soldani's time zone. (Duenkel Aff. 13)   WFI never called Ms. Soldani twice in the same day. (Duenkel Aff. 13)  WFI spoke with Ms. Soldani via telephone number ###-###-7429 on three (3) of the seventeen (17) occasions: February 21, 2013, March 14, 2013, and May 8, 2013. (Duenkel Aff. 6)   During each telephone conversation with Ms. Soldani, WFI representatives informed her that the communication was an attempt to collect a debt as required by 1692e(11). (Duenkel Aff., Attach. 2, Call 1, p. 1, ¶¶ 13-16; Call 2, p.1, ¶¶ 9-13; Call 3, p. 1, ¶¶ 10-13.)  All calls were recorded, a copy of the recordings is filed herewith by conventional means as Exhibit B (pursuant to local practice, the Cover Letter is filed herewith).

At all times during the three (3) conversations, WFI representatives spoke to Ms. Soldani in a calm, courteous and reasonable manner.  (Duenkel Aff. 10)   At no point during any of the phone calls did a WFI representative threaten Ms. Soldani with legal action. (Duenkel Aff. 11)

Relevant portions of the February 21, 2013 conversation transpired as follows:

**WFI**: …and you're Allyson Soldani?

**SOLDANI**: Soldani.

**WFI**: Soldani. I apologize. Thank you for that. This is a call for debt collection, attempt to collect a debt. Information can be used for that purpose and the call is recorded. I'm calling (inaudible) U.S. Career Institute. You have a balance of two hundred and forty-two dollars and sixty cents with them. What was your intention on paying that?

**SOLDANI**: As soon as I get money, I can pay it. My husband is not working right now, and of course, I'm not working either. So, right now I just don't have it.

**WFI**: You know, okay. I hear you saying that you have (inaudible) right now. I was going to, you know, work with you here. I know it's not a very large, you know, sum, and I was just think here – the best I could do, I could break it into three payments for you where it would be just eighty dollars and eight-six cents a month, and I don't even need to start that today. You know, you can call me back in the next two weeks, and we can get you up on this (inaudible) plan, that you set up on a three month payment plan.

**SOLDANI**: I'll try. I can try that. I mean, I can try calling you back in two weeks and kind of see where we're at. (Duenkel Aff., Attach. 2, Call 1, pp.1-2.)

During the March 14, 2013 call, WFI issued the mini-Miranda and again inquired about the outstanding balance of Ms. Soldani's Debt. (Duenkel Aff., Attach. 2, Call 2, p.1, ¶¶ 14-17.) Ms. Soldani replied, "Yeah, unfortunately my husband hasn't worked for like three weeks straight. He's in construction. And, so, I just – it's going to be maybe next month." (Duenkel Aff., Attach. 2, Call 2, p.1, ¶¶ 20-23.) Later, Ms. Soldani suggested again that she could possibly

make payments the following month: "Well, I'm waiting for – I'm supposed to get a (inaudible) at the end of the month. So, you know, I'm waiting for that to know when I can pay anything." (Duenkel Aff., Attach. 2, Call 2, p.2, ¶ 10 and p.5, ¶ 14-17.)

During the March 14, 2013 call Ms. Soldani stated she is "disabled." (Duenkel Aff., Attach. 2, Call 2, p.3, ¶ 4.) When WFI asked if she received monthly income due to her disability, she responded, "No, I do not. I don't get disability. I'm fighting that right now." (Duenkel Aff., Attach. 2, Call 2, p. 3, ¶¶ 7-8.)

Two months later, during the May 8, 2013 call, Ms. Soldani said "I have cancer, and there's not a whole lot I've been able to do for the past eight months." (Duenkel Aff., Attach. 2, Call 3, p.5, ¶ 15-17.)

On May 9, 2013, one day after speaking to Ms. Soldani at ###-###-7429, WFI attempted to contact Ms. Soldani at the same phone number. (Duenkel Aff. 4.) An unidentified male answered and stated, "My name is Tony." (Duenkel Aff., Attach. 2, Call 4, p.1, ¶ 9.) The unidentified male did not acknowledge any association with Allyson Soldani or confess knowledge of her identity, and ended the phone call. (Duenkel Aff., Attach. 2, Call 4, p.1, ¶¶ 2-19.)

## SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56(c) Fed. R. Civ. P., summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court should view the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party. *Udell v. Kansas*

*Counselors, Inc.*, 313 F. Supp. 2d 1135, 1138 (D. Kan. 2004); *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir.), cert.denied, 537 U.S. 816, 123 S.Ct. 84, 154 L.Ed.2d 20 (2002).

A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Udell*, 313 F. Supp. 2d at 1138-39; *Wright ex rel. Trust Co. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir.2001) (citing *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Udell*, 313 F. Supp. 2d at 1138; *Adler*, 144 F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Udell*, 313 F. Supp. 2d at 1138; *Spaulding*, 279 F.3d at 904 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). To meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the nonmoving party's claim, but need simply point out to the court a lack of evidence for the nonmoving party on an essential element of that party's claim. *Udell*, 313 F. Supp. 2d at 1138; *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir.2000) (citing *Adler*, 144 F.3d at 671).

In order to defeat a motion for summary judgment, there must be sufficient evidence so that a jury could reasonably find in favor of the nonmoving party. *See Farmers Alliance Mut. Ins. Co. v. Cutrone*, 448 F. Supp. 2d 1226, 1228-29 (D. Colo. 2006); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995), cert. denied, 516 U.S. 1160, 116 S.Ct. 1045, 134 L.Ed.2d 192 (1996); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91

L.Ed.2d 202 (1986). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient; there must be evidence on which the jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

## ARGUMENT

### I. THE FACTUAL ALLEGATIONS FORMING THE BASIS OF THE FDCPA CLAIMS ARE WITHOUT MERIT

#### a. The Factual Allegations are Without Merit

Ms. Soldani makes a series of factual allegations in the Complaint that form the basis for her assertion that WFI violated the FDCPA. The majority of the factual allegations, itemized here, are proven false by the undisputed evidence:

**1. WFI allegedly failed to send Ms. Soldani written correspondence informing her of her rights under federal law. (DE No. 1, attachment A.)**

Contrary to what Ms. Soldani alleges in her Complaint, the undisputed evidence demonstrates that WFI mailed the 1692g Notice on February 7, 2013 to the only address of record for Ms. Soldani. The address was later confirmed to be accurate during each conversation Plaintiff had with WFI. Additionally, the correspondence was never returned as undeliverable. *Krawczyk v. Centurion Capital Corp.*, 2009 WL 395458 (N.D. Ill. Feb. 18, 2009)(A collector is only required to send a validation notice, the collector is not required to establish actual receipt.) *Antoine v. J.P. Morgan Chase Bank*, 757 F.Supp.2d 19 (D.D.C. Dec. 28, 2010)(A consumer who alleges he never received the validation notice, but presents no evidence it was not sent by the collector, does not establish a violation of § 1692g).

**2. Defendant allegedly failed to issue Ms. Soldani the mini-Miranda disclosure. (DE No. 1, attachment A.)**

WFI informed Ms. Soldani that the communication was an attempt to collect a debt as required by 1692e(11) in every written communication and verbally during each conversation

8

she had with WFI.  The call recordings (Exhibit B), transcript and example 1692g Notice establish WFI provided Ms. Soldani the FDCPA-required mini-Miranda discosure.

3. **During conversations with WFI, Ms. Soldani allegedly informed WFI that she was "working with an attorney to get on disability due to her ongoing cancer treatments." (Exhibit A, attachment 2; Exhibit B)**

The evidence demonstrates that Ms. Soldani's Complaint does not accurately represent what she stated to WFI regarding her health or being represented by counsel.  During the March 14, 2013 call she said she is "disabled."  When WFI asked if she received monthly income due to her disability, she responded, "No, I do not. I don't get disability.  I'm fighting that right now."  Two months later, on May 8, 2013, she stated to WFI that she had cancer but made no mention of being represented by an attorney for purposes of obtaining subsidized income due to a disability.

4. **During a May 2013 call with Plaintiff, WFI allegedly stated to Ms. Soldani that she was "stupid, lazy, and lying about having cancer." (Exhibit A, attachment 2; Exhibit B.)**

This is proven false by the evidence.  WFI never used the words "stupid" or "lazy" in reference to Ms. Soldani during any of the calls nor did WFI ever accuse Ms. Soldani of lying about anything.   The May 8, 2013 call at issue was understandably confusing for the WFI collection representative because Ms. Soldani begins the call by denying she knows anything about her Debt when the WFI collection representative could see the company had prior conversations with her regarding the obligation.  Ms. Soldani eventually begins discussing her obligation with WFI as she had in the past.

5. **WFI allegedly threatened Ms. Soldani with legal action as a consequence of non-payment of her debt." (Exhibit A, attachment 2; Exhibit B.)**

This is proven false by the evidence.  WFI never threated Ms. Soldani with legal action during any of the calls.

9

6. **Ms. Soldani allegedly suffered actual damages as a result of WFI's conduct. (Exhibit A, attachment 2; Exhibit B.)**

Pursuant to Rule 36 Fed. R. Civ. P., WFI properly served Ms. Soldani with requests for admission. Ms. Soldani served responses to WFI's requests for admission, attached as Exhibit B and incorporated by reference. Ms. Soldani's alleged actual damages are conclusively resolved by Plaintiff's admissions. Ms. Soldani now conclusively admits:

    i. Plaintiff is not in possession of any documents evidencing any actual damages sought from Defendant. (Ex. B, RFA No. 1);

    ii. Defendant did not cause Plaintiff any mental or emotional distress. (Ex. B, RFA No. 5);

    iii. Plaintiff did not suffer any physical pain that was proximately caused by the Defendant. (Ex. B, RFA No. 6); and

    iv. Plaintiff did not seek or receive any medical attention for any actions related to Defendant. (Ex. B, RFA No. 7).

Based upon the admissions of record, Ms. Soldani has suffered no actual damages as a result of any action or inaction by WFI.

**b. The Evidence Demonstrates the Allegations of FDCPA Violations are Without Merit.**

Pursuant to the Duenkel Affidavit, example 1692g notice, call recording transcription, and admissions of record in this matter, there are no remaining facts to support any of Ms. Soldani's above-outlined factual allegations.

The above-outlined factual allegations form the sole basis for five (5) of Ms. Soldani's six (6) FDCPA claims against WFI:

(1) WFI violated 15 U.S.C. § 1692g(a) by allegedly failing to issue Ms. Soldani the validation notice within five days of initial contact with Ms. Soldani as the FDCPA requires;

(2) FI violated 15 U.S.C. § 1692e(11) by allegedly failing to inform Ms. Soldani the communication was from a debt collector and an attempt to collect a debt (the "mini-Miranda");

(3) WFI violated 15 U.S.C. § 1692f by allegedly using unfair and unconscionable means to collect a debt;

(4) WFI violated 15 U.S.C. § 1692e(5) by allegedly threatening to take legal action; and

(5) WFI violated 15 U.S.C. § 1692d(2) by using abusive language when speaking with Ms. Soldani.

Therefore, the material facts surrounding Ms. Soldani's FDCPA allegations that could potentially result in liability are, pursuant to the record, conclusively resolved in favor of WFI.

The evidence reveals that a jury could not reasonably find in favor of the nonmoving party because Ms. Soldani's claims have no factual basis. *Celotex*, 477 U.S. at 327, 106 S. Ct. at 2555 ("The Federal Rules of Civil Procedure have … authorized motions for summary judgment upon proper showings of the lack of a genuine, triable issue of material fact. …Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.")

The facts upon which summary judgment should be determined are set out in the Complaint and conclusively resolved by the, Duenkel Affidavit, Transcript, and Plaintiff's own admissions. When the facts pleaded and the indisputable evidence in this case is examined, summary judgment should be entered in favor of WFI for all of Plaintiff's above-listed FDCPA claims.

## II. The 1692d(5) Claim Fails Because WFI Did Not Engage in Conduct Constituting Harassment Nor Did WFI Exhibit Intent to Harass.

### a. 1692d Harassment Claims

Section 1692d of the FDCPA generally prohibits debt collectors from engaging in harassing, oppressive, or abusive conduct. Without limiting that general prohibition, sections 1692d(1)-(6) specifically prohibit using or threatening to use violence or criminal means to harm anyone; using obscene, profane, or abusive language; publishing deadbeat lists; making repeated telephone calls intended to annoy or harass; and making telephone calls without disclosing the caller's identity. See § 1692d(1)-(6).

Although most sections of the FDCPA are strict liability provisions, § 1692d(5) stipulates the collector must intentionally act to annoy, abuse, or harass the consumer. 15 U.S.C. § 1692d(5); *Clingaman v. Certegy Payment Recovery Servs.*, CIV.A. H-10-2483, 2011 WL 2078629 (S.D. Tex. May 26, 2011); *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 n. 11 (9th Cir.2006).

Ms. Soldani alleges WFI violated Section 1692d(5) by noting the frequency of the calls. In this case, WFI placed 17 calls over the course of three-and-a-half months. The pattern of WFI calls shows WFI never called Ms. Soldani more than once in a single day and never earlier than 8:00 a.m. or later than 9:00 p.m. in Ms. Soldani's time zone.

There is nothing harassing, oppressive, or abusive about this conduct. WFI's call volume and pattern do not begin to approach the realm of conduct recognized as violating 1692d(5). *Joseph v. J.J. Mac Intyre Companies, LLC.*, 238 F.Supp.2d 1158, 1168–69 (N.D.Cal. 2002) (volume and pattern of calls created issue of fact as to Section 1692d(5) claims); *Kuhn v. Account Control Tech., Inc.*, 865 F.Supp. 1443, 1453 (D.Nev. 1994) (granting summary judgment in plaintiff's favor on 1692d(5) claim based on timing of calls).

In *Joseph*, the Defendant collection agency made more than 200 calls over a 19 month period despite the fact that Plaintiff was making $50 monthly payments towards her debt. The court also noted that many of the calls in *Joseph* were made shortly after voice contact where the plaintiff requested the calls cease. *Joseph*, 238 F.Supp.2d at 1168–69.

In *Kuhn*, the court found the collector harassed the plaintiff, violating 1692d(5), when after the plaintiff hung up on a prior call, the collector immediately called the plaintiff's place of employment two additional times within a five minute period. *Kuhn*, 865 F.Supp. at 1453.

Many courts have granted summary judgment in favor of defendants on the issue of 1692d(5) liability. *Clingaman v. Certegy Payment Recovery Servs.*, No. H–10–2483, 2011 WL 2078629, at *5 (S.D.Tex. May 26, 2011) (holding that 55 calls over three-and-a-half month period did not raise a genuine issue of material fact as to whether debt collector harassed debtor); *Tucker v. The CBE Group, Inc.*, 710 F.Supp.2d 1301 (M.D.Fla. 2010) (57 calls, including 7 in one day)); *Carman v. CBE Grp., Inc.*, 782 F.Supp.2d 1223, 1232 (D.Kan. 2011) (149 calls in a two-month period); *Udell v. Kansas Counselors, Inc.*, 313 F.Supp.2d 113 5 (Dist. Kan. 2004) (fact that debt collector placed 4 calls over 7 days without leaving message did not constitute harassment under FDCPA); *Bell v. CSD Collection Specialist*, Slip Copy, 2013 WL 311841 (M.D.La. 2013) (5 calls on 4 days over a 13 day period); *Zortman v. J.C. Christensen & Associates, Inc.*, 870 F.Supp.2d 694, 707 (D.Minn. 2012) (citing *VanHorn v. Genpact Servs.*, LLC, No. 09–1047–CV–S–GA F, 2011 WL 4565477, at * 1 (W.D.Mo. Feb. 14, 2011) (114 calls in a four-month period).

In *Clingaman*, the sole basis for the plaintiff's complaint was a 1692d(5) claim regarding the collector's 55 calls over three-and-a-half months and where the collector placed four calls in one day on two separate days. *Clingaman*, 2011 WL 2078629 at *4. The court found the

13

plaintiff's evidence did not raise a genuine issue of material fact as to whether the collector placed telephone calls with the intent to harass and annoy rather than in a legitimate attempt to locate the consumer and discuss the debt at issue. *Id.*  Regarding the collector's intent to harass, the court found the evidence suggested a difficulty in contacting the consumer rather than the intent to harass. *Id.*  The court granted the collector's motion for summary judgment holding that the plaintiff failed to present evidence raising a genuine issue of material fact in support of the 1692d(5) claim. *Id.* at 5.

In *Tucker*, the collector made no more than seven calls in a single day, and did not call back the same day after leaving a message. *Tucker*, 710 F. Supp. 2d at 1305.  There, the evidence demonstrated that the collector placed each of its telephone calls with the intent to reach the consumer rather than with any intent to harass the third-party plaintiff. *Id.*  In *Tucker*, the court held that the circumstances did not constitute a 1692d(5) violation as a matter of law. *Id.*

Following the reasoning of the *Clingaman* and *Tucker* courts, neither WFI's conduct nor Ms. Soldani's evidence constitutes a 1692d(5) violation.  The evidence shows Ms. Soldani told WFI that she could not make payments at the times WFI called her, but repeatedly suggested to WFI that she could potentially make payments "next month."  At no time did WFI ever use abusive or obscene language in any communications with Ms. Soldani.  From Ms. Soldani's statements to WFI's conduct, the sum of the evidence establishes WFI's attempts to contact Ms. Soldani were made to collect her Debt rather than any intent to harass Ms. Soldani.

The evidence does not show WFI called repeatedly at odd hours or multiple times in one day.  WFI did not follow a pattern of immediately calling back after unanswered calls or hang-ups.  WFI did not even call Ms. Soldani on a daily basis. The case law where companies like WFI have been held to violate § 1692d(5) are not even remotely comparable to the facts in this

14

case. See *Adamcik v. Credit Control Servs., Inc.*, 832 F.Supp.2d 744, 747 (W.D.Tex. 2011) (upholding jury finding of intent to harass under FDCPA where collection agency called debtor at least 134 times in 40 day period, phoned both of her telephones simultaneously, violated company policy about waiting 10 days to call again if debtor requested that calls stop, and threateningly implied that high volume of calls would not stop until debt was paid); *Young v. Asset Acceptance, LLC*, 3:09-CV-2477-BH, 2011 WL 1766058 (N.D.Tex. May 10, 2011) (denying summary judgment on § 1692d(5) claim where agent called 3 times per day on at least 2 occasions, called 33 times over a period of 73 days, and called before 8:00 a.m. and after 9:00 p.m.); *Kuhn v. Account Control Tech., Inc.*, 865 F.Supp. 1443, 1452–53 (D.Nev. 1994) (6 calls in 24 minutes constituted harassment in violation of § 1692d(5)); *Bingham v. Collection Bureau, Inc.*, 505 F.Supp. 864, 873 (D.N.D. 1981) (when consumer hung up and collector called back immediately, the subsequent call alone could constitute harassment under § 1692d(5)); *Sanchez v. Client Services, Inc.*, 520 F.Supp.2d 1149 (N.D.Cal. 2007) (54 calls to consumer at work and leaving 24 messages on work answering machine were intended to annoy, abuse and harass consumer, in violation of FDCPA). *Karp v. Fin. Recovery Srvcs, Inc.*, A-12-CA-985 LY, 2013 WL 6734110 (W.D.Tex. Dec. 18, 2013).

## CONCLUSION

Ms. Soldani's alleged actual damages are conclusively resolved by her own admissions. Ms. Soldani admitted she is not in possession of any documents evidencing any actual damages sought from WFI, WFI did not cause her physical pain, or mental/emotional distress, and she did not seek or receive any medical attention for any actions related to WFI.

WFI is entitled to summary judgment in its favor on each of Ms. Soldani's causes of action because (1) the undisputed evidence shows Ms. Soldani's factual allegations that form the

basis of her FDCPA claims against WFI are without merit; and (2) the 1692d(5) claim fails because WFI did not engage in a call pattern or volume of calls constituting harassment nor did WFI exhibit the requisite intent to harass Ms. Soldani.

Date: January 27, 2014.

*/s/ Alan Greenberg*
Alan Greenberg
GREENBERG & SADA, PC
770 W. Hampden Ave 227
Englewood, CO 80110
303-781-3529
303-783-2222 fax
alan@greenberglegal.com

## CERTIFICATE OF SERVICE

I certify that I have submitted true and correct copies of the foregoing Memorandum Brief and exhibits on this 27th day of January 2014 to:

>Lark Fogel, Esq.
>LEMBERG & ASSOCIATES, LLC
>1100 Summer St. 3rd Fl.
>Stamford, CT 06905

via e-service to larklaw@gmail.com

                              ***/s/ Alan Greenberg***
                              Alan Greenberg